# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL DOLPH; MARJIE DOLPH and SHAWN DOLPH : : **Plaintiffs** : v. : ILLINOIS NATIONAL INSURANCE COMPANY; AMERICAN INTERNATIONAL GROUP, INC., : **Defendants** : : | CIVIL ACTION NO. 3:12-2167 (JUDGE MANNION)[1] |

## **MEMORANDUM**[2]

Presently before the court is a motion to dismiss filed by Defendant American International Group, Inc. (hereinafter "AIG"), (Doc. No. 4). The plaintiffs allege bad faith, pursuant to 42 Pa.C.S. §8371, and breach of contract actions against each of the defendants. AIG claims that it is not an 'insurer' as required under the Pennsylvania bad faith statute and that there is no privity of contract between the parties on which to base a breach of contract claim. At this stage in the proceeding, the court finds the plaintiff's have sufficient pled their cause of action. Therefore the motion to dismiss will

---

[1] This case was originally assigned to the Honorable A. Richard Caputo. Pursuant to the verbal order dated January 7, 2013, the case has been reassigned to the undersigned.

[2] For the convenience of the reader of this document in electronic format, hyperlinks to the court's record and to authority cited have been inserted. No endorsement of any provider of electronic resources is intended by the court's practice of using hyperlinks.

be **DENIED**.

## I. BACKGROUND

This action arises out of an automobile accident and subsequent efforts to settle the resulting personal injury claims. On August 5, 2007, the plaintiffs suffered severe and permanent injuries when they were involved in a collision with a vehicle driven by Austin Smith. Mr. Smith was intoxicated and was the sole cause of the accident. Mr. Smith died as a result of the accident and Diane Smith was made administratrix of his estate.

On March 16, 2012, Diane Smith assigned to the plaintiffs her right to bring claims against the defendants for their alleged mishandling of the estate's insurance claims. Shortly thereafter, the plaintiffs initiated the instant action in the Court of Common Pleas of Lackawanna County, Pennsylvania. On October 31, 2012, the defendants removed the case to this court. (Doc. No. 1).

The plaintiffs allege bad faith, pursuant to 42 Pa.C.S. §8371, and breach of contract in the defendant's handling of the accident related insurance claims in the period leading up to and through the tort action brought in state court. The plaintiffs assert that at all relevant times a contract of insurance existed between Diane Smith and Defendant Illinois National Insurance Company and that at all relevant times a contact of insurance existed between Ms. Smith and Defendant AIG. The plaintiffs assert that the

defendants, collectively, assigned Bob McCaughan as a Claim Representative. The plaintiffs further assert that the defendants were aware that Mr. Smith's accident had exposed their insureds to liability and that tort litigation had been initiated against Ms. Smith and the Estate of Mr. Smith. The plaintiffs' attorney corresponded with Mr. McCaughan and demanded settlement at the policy limits of $50,000 and intended to provide Diane Smith and the Estate of Mr. Smith with a full release of liability upon settlement. These discussions became protracted, allegedly due to dilatory conduct by the defendants, and the case proceeded to trial. The plaintiffs were ultimately awarded $1,942,230 in damages. $75,000 of the award was for punitive damages. The plaintiffs allege that defendant mislead Ms. Smith with regard to her personal liability and the liability of the estate and that their failure to settle the case for policy limits exposed Ms. Smith to excess liability. The plaintiffs seek damages in excess of $50,000 in addition to punitive damages, interest, attorney's fees and costs.

On November 7, 2012, Defendant AIG filed a motion to dismiss counts III and IV of the plaintiffs' complaint, the bad faith and breach of contract claims against AIG. (Doc. No. 4). On November 8, 2012, AIG filed a brief in support. (Doc. No. 5). On November 11, 2012, the plaintiffs filed a brief in opposition. (Doc. No. 7). AIG argues that the plaintiffs' claims fail because AIG is not an 'insurer' as required by the Pennsylvania bad faith statute and the plaintiffs have failed to sufficiently plead privity of contract existed between

3

Ms. Smith and AIG.

## II. STANDARD OF REVIEW

The defendant's motion to dismiss is brought pursuant to the provisions of [Fed. R. Civ. P. 12(b)(6)](). This rule provides for the dismissal of a complaint, in whole or in part, if the plaintiff fails to state a claim upon which relief can be granted. The moving party bears the burden of showing that no claim has been stated, [*Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005)](), and dismissal is appropriate only if, accepting all of the facts alleged in the complaint as true, the plaintiff has failed to plead "enough facts to state a claim to relief that is plausible on its face," [*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1974 (2007)]() (abrogating "no set of facts" language found in [*Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)]()). The facts alleged must be sufficient to "raise a right to relief above the speculative level." [*Twombly*, 550 U.S. 544, 127 S. Ct. at 1965](). This requirement "calls for enough fact[s] to raise a reasonable expectation that discovery will reveal evidence" of necessary elements of the plaintiff's cause of action. [*Id.*]() Furthermore, in order to satisfy federal pleading requirements, the plaintiff must "provide the grounds of his entitlement to relief," which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." [*Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008)]() (brackets and quotations marks omitted) (quoting [*Twombly*, 550 U.S. 544,]()

4

127 S. Ct. at 1964-65).

In considering a motion to dismiss, the court generally relies on the complaint, attached exhibits, and matters of public record. *Sands v. McCormick*, 502 F.3d 263 (3d Cir. 2007). The court may also consider "undisputedly authentic document[s] that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the [attached] documents." *Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993). Moreover, "documents whose contents are alleged in the complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered." *Pryor v. Nat'l Collegiate Athletic Ass'n*, 288 F.3d 548, 560 (3d Cir. 2002). However, the court may not rely on other parts of the record in determining a motion to dismiss. *See Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1261 (3d Cir. 1994).

### III. DISCUSSION

The AIG's motion argues that the plaintiffs have failed to properly plead both claims raised against it, bad faith under 42 Pa.C.S. §8371 and breach of contract. The court finds that the plaintiffs have sufficiently asserted their claims and that the current record does not support the factual findings required to relieve AIG of liability under either claim.

With respect the plaintiffs' bad faith claim, AIG claims that it is not an

5

'insurer' as defined by the statute. The Pennsylvania bad faith statute allows for damage against an "insurer [who] has acted in bad faith toward the insured." 42 Pa.C.S. §8371. In determining whether a party is an insurer under the bad faith statute federal courts applying Pennsylvania law have examined: "(1) the extent to which the company was identified as the insurer on the policy documents; and (2) the extent to which the company acted as the insurer." *Brand v. AXA Equitable Life Ins. Co.*, 2008 WL 4279863 (E.D. Pa. Sept. 16, 2008)(citing *Brown v. Progressive Ins. Co.*, 860 A.2d 493, 498 (Pa.Super.Ct.2004)). In addition, "courts applying Pennsylvania law have explained that a party acts as an insurer when it 'issues policies, collects premiums and in exchange assumes certain risks and contractual obligations.'" *Id.* (quoting *T & N PLC v. Pa. Ins. Guar. Ass'n*, 800 F.Supp. 1259, 1261 (E.D.Pa.1992).

AIG asserts that it is entity independent of the Illinois National Insurance Company and that it is a holding company, not an insurer. Moreover, it asserts that it is not licensed to perform insurance services in Pennsylvania nor does it act as insurer by issuing policies, collecting premiums or by any other acts. The plaintiffs have asserted that Ms. Smith had a "contract of insurance" with AIG (Doc. No. 1 Att 2 at ¶ 83), as well as with Illinois National Insurance Company, (Doc. No. 1 Att. 2 at ¶ 73). The plaintiffs assert that the defendants assigned a Claim Manager with whom their attorney dealt during their attempts to recover amounts due under the insurance policy. (Doc. No.

6

1 Att. 2 at ¶ 14).

The case law offered in support of Defendant AIG's motion demonstrates that dismissal is appropriate when the court is able to determine that a corporate entity was not acting as an insurer under the Pennsylvania statute. However, in the cases offered, the courts enjoyed the benefit of records with more definitive indications of the role of the defendant entities. In *Brand v. AXA Equitable Life Ins. Co.*, 2008 WL 4279863 (E.D. Pa. Sept. 16, 2008), the court was able to ascertain from the record that a reinsurance contract existed between the two defendants. This clearly defined which of the defendants was to be considered the insurer as well as outlining the nature of the non-insurer's duties and relationship to the insurance policies at issue. Similarly, in *McLaren v. AIG Domestic Claims, Inc.*, 853 F. Supp. 2d 499, 511-12 (E.D. Pa. 2012), the record included an admission by the plaintiff that no insurance contract existed between the putative non-insurer and the insured.

Questions remain as to AIG's role in the service of the insurance claims underlying this matter; however, the current record cannot support a determinative finding that AIG is, as a matter of law, not an insurer under 42 Pa.C.S. §8371.

With respect to the breach of contract claim, the court similarly finds that the plaintiffs assertion that a "contract of insurance" existed between Ms. Smith and AIG and that claims were managed by an agent of the joint

7

defendants is sufficient at the pleading stage. Under Pennsylvania law, "[t]hree elements are necessary to plead properly a cause of action for breach of contract: '(1) the existence of a contract, including its essential terms, (2) a breach of duty imposed by the contract and (3) resultant damages.'"*L.R. Costanzo Co., Inc. v. Ohio Cas. Ins. Co.*, 2010 WL 2408640, *3 (M.D. Pa. June 11, 2010) (quoting *Williams v. Nationwide Mut. Ins. Co.*, 750 A.2d 881, 884 (Pa.Super.Ct.2000)). The minimal record in this matter contains express assertions and corroborative factual support for the existence of a contract, AIG's alleged mismanagement though its claim manager and the resulting damage judgment. Therefore the plaintiffs have sufficiently pled their breach of contract claim.

## IV. CONCLUSION

In light of the current record, the court finds the plaintiffs' pleadings to be sufficient and the motion to dismiss will therefore be denied. In addition, by separate order, the court will schedule an appropriate case management conference in order to allow this matter to proceed.

*s/Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**DATED: February 11, 2013**
O:\Mannion\shared\MEMORANDA - DJ\2012 MEMORANDA\12-2167-01.wpd